IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TIM FOOTE,

        Plaintiff,

v.                                                      Case No. 6:20-CV-01433-PGB-GJK

TRANS UNION LLC,

        Defendants.
_____/

**DEFENDANT TRANS UNION LLC'S**
**ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW, Trans Union LLC ("Trans Union"), one the Defendants herein, and files its Answer and Defenses to the Plaintiff's Original Complaint for Violations of the Fair Credit Reporting Act ("Complaint") filed by Tim Foote ("Plaintiff"). The paragraph numbers below correspond to the paragraph numbers contained in the Plaintiff's Complaint to the extent possible.

### I. JURISDICTION AND VENUE

1. Trans Union admits that jurisdiction is proper in this Court.

2. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and, therefore, denies same.

3. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint and, therefore, denies same.

### II. PARTIES AND DEFINITIONS

4. Trans Union admits the allegations contained in paragraph 4 of the Complaint.

5. The provisions of the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.* are self-evident and speak for themselves. Trans Union denies the allegations contained in paragraph 5 of the Complaint.

6. Trans Union admits that it is a limited liability company with its principal place of business located in Chicago, Illinois.

7. Trans Union admits that Trans Union is a "consumer reporting agency" as defined by the FCRA.

8. The provisions of the FCRA are self-evident and speak for themselves. Trans Union denies the allegations contained in paragraph 8 of the Complaint.

9. The provisions of the FCRA are self-evident and speak for themselves. Trans Union denies the allegations contained in paragraph 9 of the Complaint.

10. Because of the vague and generalized nature of the allegations, Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and, therefore, denies same.

11. The provisions of the FCRA are self-evident and speak for themselves. Trans Union denies the allegations contained in paragraph 11 of the Complaint.

12. The provisions of the FCRA are self-evident and speak for themselves. Trans Union denies the allegations contained in paragraph 12 of the Complaint.

13. Because of the vague and generalized nature of the allegations, Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and, therefore, denies same.

### III.   SUMMARY

14. Trans Union denies the allegations contained in paragraph 14 of the Complaint.

### IV.   FACTUAL ALLEGATIONS

15. Trans Union admits that on September 9, 2019, a copy of Plaintiff's Trans Union consumer disclosure was mailed to him. Trans Union further admits that an Account Review

inquiry by F.H. Cann Associates appeared on Plaintiff's September 9, 2019 disclosure. Trans Union denies the remaining allegations contained in paragraph 15 of the Complaint.

16. Trans Union admits that on September 26, 2019, it received correspondence from Plaintiff, via certified mail, regarding a F.H. Cann Associates inquiry appearing on Plaintiff's September 9, 2019 consumer disclosure. Trans Union denies the remaining allegations contained in paragraph 16 of the Complaint.

17. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint and, therefore, denies same.

18. Trans Union admits that on November 5, 2019, it received correspondence from Plaintiff, via certified mail, regarding a F.H. Cann Associates inquiry appearing on Plaintiff's September 9, 2019 consumer disclosure. Trans Union denies the remaining allegations contained in paragraph 18 of the Complaint.

19. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint and, therefore, denies same.

20. Trans Union admits that on December 3, 2019, it received correspondence from Plaintiff, via certified mail, regarding a F.H. Cann Associates inquiry appearing on Plaintiff's September 9, 2019 consumer disclosure. Trans Union denies the remaining allegations contained in paragraph 20 of the Complaint.

21. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint and, therefore, denies same.

22. Trans Union admits that paragraph 22 of the Complaint contains an excerpt from Trans Union's June 23, 2020 email correspondence to Plaintiff. Trans Union denies the remaining allegations contained in paragraph 22 of the Complaint.

23. Trans Union admits that paragraph 23 of the Complaint contains an excerpt from Trans Union's July 14, 2020 email correspondence to Plaintiff. Trans Union further admits that the provisions of the FCRA are self-evident and speak for themselves. Trans Union denies the remaining allegations contained in paragraph 23 of the Complaint.

24. Trans Union admits that paragraph 24 of the Complaint contains an excerpt from Plaintiff's July 15, 2020 email correspondence to Trans Union. Trans Union denies the remaining allegations contained in paragraph 24 of the Complaint.

25. Trans Union admits that paragraph 25 of the Complaint contains an excerpt from Plaintiff's July 20, 2020 email correspondence to Trans Union. Trans Union denies the remaining allegations contained in paragraph 25 of the Complaint.

26. Trans Union admits that paragraph 26 of the Complaint contains an excerpt from Trans Union's July 23, 2020 email correspondence with Plaintiff. Trans Union denies the remaining allegations contained in paragraph 26 of the Complaint.

27. Trans Union admits that paragraph 27 of the Complaint contains an excerpt from Plaintiff's July 25, 2020 email correspondence to Trans Union. Trans Union denies the remaining allegations contained in paragraph 27 of the Complaint.

28. Trans Union admits that paragraph 28 of the Complaint contains an excerpt from Trans Union's July 30, 2020 email correspondence to Plaintiff. Trans Union denies the remaining allegations contained in paragraph 28 of the Complaint.

29. Trans Union admits that paragraph 29 of the Complaint contains an excerpt from Plaintiff's July 30, 2020 email correspondence to Trans Union. Trans Union denies the remaining allegations contained in paragraph 29 of the Complaint.

30. Trans Union admits that paragraph 30 of the Complaint contains an excerpt from Trans Union's July 31, 2020 email correspondence to Plaintiff. Trans Union denies the remaining allegations contained in paragraph 30 of the Complaint.

31. Trans Union admits that paragraph 31 of the Complaint contains an excerpt from Plaintiff's August 1, 2020 email correspondence to Trans Union. Trans Union denies the remaining allegations contained in paragraph 31 of the Complaint.

32. Trans Union denies the allegations contained in paragraph 32 of the Complaint.

33. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint and, therefore, denies same.

34. Trans Union denies the allegations contained in paragraph 34 of the Complaint.

35. Trans Union admits that the provisions of the FCRA are self-evident and speak for themselves. Trans Union denies the remaining allegations contained in paragraph 35 of the Complaint.

## V.

36. Trans Union restates and incorporates its responses to paragraphs 1 – 35 above as though fully stated herein.

### COUNT 1

37. Trans Union denies the allegations contained in paragraph 37 of the Complaint.

### COUNT 2

38. Trans Union denies the allegations contained in paragraph 38 of the Complaint.

Trans Union denies the allegations contained in the demand for judgment paragraph under Count 2 of the Complaint.

## VI.

39. Trans Union restates and incorporates its responses to paragraphs 1 – 38 above as though fully stated herein.

### COUNT 3

40. Trans Union denies the allegations contained in paragraph 40 of the Complaint.

### COUNT 4

41. Trans Union denies the allegations contained in paragraph 41 of the Complaint.

Trans Union denies the allegations contained in the demand for judgment paragraph under Count 4 of the Complaint.

### VII.   DEMAND FOR JURY TRIAL

Trans Union admits that Plaintiff demands a trial by jury.

### **DEFENSES**

42. At all relevant times, Trans Union maintained and followed reasonable procedures to avoid violations of the FCRA and assure maximum possible accuracy of the information concerning Plaintiff in preparing consumer reports related to Plaintiff.

43. Any alleged damages to Plaintiff, which Trans Union continues to deny, are the result of the acts or omissions of Plaintiff or others, over whom Trans Union has no control and for whom Trans Union has no responsibility.

44. Trans Union, in compliance with the FCRA, reasonably and completely reinvestigated and verified, updated, or removed all information disputed by Plaintiff.

45. Trans Union at all times acted in compliance with the FCRA.

46. Trans Union has not published any false, inaccurate or defamatory information to a third-party regarding Plaintiff and has not acted with negligence, malice, actual malice, or willful intent to injure.

4606795.1

*47.*	Plaintiff failed to mitigate his alleged damages.

48.	Plaintiff's claims for exemplary or punitive damages and the FCRA damage model violate the Due Process Clause of the Fourteenth Amendment and the laws of the State of Florida.

49.	Trans Union affirmatively pleads that it is entitled to attorney's fees in the event that the Court determines that the Plaintiff has filed an unsuccessful pleading, motion, or other paper in connection with this action under Section 1681n or 1681o of the FCRA in bad faith or for purposes of harassment.

50.	Any alleged damages to Plaintiff, which Trans Union continues to deny, were caused in whole or in part by an intervening or superseding cause.

WHEREFORE, PREMISES CONSIDERED, Defendant Trans Union LLC, respectfully requests that this Honorable Court deny the relief requested in Plaintiff's Complaint, dismiss the action in its entirety, grant Trans Union its costs of suit and expenses incurred herein, including reasonable attorneys' fees, and for such other and further relief as the court deems just.

Respectfully submitted,

*/s/ Charlotte Long*
Charlotte Long
Florida Bar No. 0112517
QUILLING, SELANDER, LOWNDS
WINSLETT & MOSER, P.C.
6900 N Dallas Parkway, Suite 800
Plano, Texas 75024
Telephone: (214) 560-5461
Facsimile:  (214) 871-2111
clong@qslwm.com
**COUNSEL FOR TRANS UNION LLC**

4606795.1

## **CERTIFICATE OF SERVICE**

  I hereby certify that on the 9th day of October 2020, the foregoing document is being served this day via U.S. First Class Mail and Electronic Mail to the following non-CM/ECF participant:

Tim Foote
withoutrecourse@protonmail.com
3208-C East Colonial Drive
Unit 159
Orlando, FL 32803
(407) 633-9297
*Plaintiff Pro Se*

            */s/ Charlotte Long*
            Charlotte Long