IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TIM FOOTE,

Plaintiff,

v. Case No. 6:20-CV-01433-PGB-GJK

TRANS UNION LLC,

Defendants.
_______________________________________/

**CASE MANAGEMENT REPORT**

The parties have agreed on the following dates and discovery plan pursuant to Fed.R.Civ.P. 26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Mandatory Initial Disclosures** (pursuant to Fed.R.Civ.P. 26(a)(1) as amended effective December 1, 2000) | **November 30, 2020** |
| **Certificate of Interested Persons** and Corporate Disclosure Statement | **COMPLETED** |
| **Motions to Add Parties or to Amend Pleadings** | **December 7, 2020** |
| **Disclosure of Expert Reports** Plaintiff:<br>Defendant: | **May 17, 2021**<br>**June 21, 2021** |
| **Discovery Deadline** | **July 22, 2021** |
| **Dispositive Motions, *Daubert*, and *Markman* Motions** | **August 30, 2021** |
| **Joint Final Pretrial Statement** (*Including* a Single Set of Jointly-Proposed Jury Instructions, Verdict Form and Voir Dire Questions emailed to: chambers_FLMD_Byron@flmd.uscourts.gov in Word format), Witness Lists, Exhibit Lists with Objections on Approved Form), Trial Briefs | **January 31, 2022** |



4659763.1

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| | |
| **All Other Motions** Including Motions *In Limine* | **February 7, 2022** |
| **Final Pretrial Conference** | **February 28, 2022** |
| **Trial Term Begins** | **March 21, 2022** |
| **Estimated Length of Trial** | **2-3 days** |
| **Jury / Non-Jury** | **Jury** |
| **Mediation** Deadline: Mediator: Address: Telephone: | **June 7, 2021** **To be confirmed; the Parties will file a Notice of Mediation by February 22, 2021** |
| **All Parties Consent to Proceed Before Magistrate Judge** | Yes____ No__X__ Likely to Agree in Future ___No__ |

## I. Preparation of the Case Management Report

The parties may communicate with each other electronically or by telephone as long as they can agree on all significant aspects of this Report. Otherwise, lead counsel must meet in person for the purpose of preparing and filing the Report. Unless the parties agree to meet elsewhere, the meeting must be held in the Orlando Division of the Middle District of Florida. The parties must complete the certification shown below:

Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A),[1] a meeting was held on October 29, 2020 and was attended by:

| Name | Counsel for (if applicable) |
| --- | --- |
| Tim Foote | *Pro se* |
| Charlotte Long | Defendant Trans Union LLC |
| Sarah Sublett | Defendant Trans Union, LLC (*pro hac vice* pending) |

## II. Pre-Discovery Initial Disclosures of Core Information

**Fed.R.Civ.P. 26(a)(1)(A) - (D) Disclosures**

Fed.R.Civ.P. 26, as amended effective December 1, 2010, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the Court (the amendment to Rule 26 supersedes Middle District of Florida Local Rule 3.05, to the extent that Rule 3.05 opts out of the mandatory discovery requirements):

The parties __ have exchanged _X_ agree to exchange (check one) information described in Fed.R.Civ.P. 26(a)(1)(A) - (D) by **November 30, 2020**.

## III. Electronic Discovery

The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core Information in Section II above, and agree that (check one):

_____ no party anticipates the disclosure or discovery of ESI in this case;

__X_ one or more of the parties anticipate the disclosure or discovery of ESI in this case.

[1] A copy of the Local Rules may be viewed at http://www.flmd.uscourts.gov.

If disclosure or discovery of ESI is sought by any party from another party, then the following issues shall be discussed:[2]

A. The form or forms in which ESI should be produced.

**The parties agree that any information responsive to a discovery request that is stored electronically will be produced in a reasonably usable format (e.g., hard copy or .pdf). Once the parties have had the opportunity to review such documents, they may confer regarding any additional exchange or production that the parties believe is necessary.**

**The Plaintiff reserves the right to demand the production of ESI in printed hard-copy paper format.**

B. Nature and extent of the contemplated ESI disclosure and discovery, including specification of the topics for such discovery and the time period for which discovery will be sought.

Parties have discussed the nature and extent of the contemplated ESI disclosure and discovery. The parties do not agree on the nature and extent of discovery, but will attempt to resolve any differences prior to seeking court involvement.

C. Whether the production of metadata is sought for any type of ESI, and if so, what types of metadata.

**It is presently unknown whether any metadata will be sought in this case, though at present it seems unlikely.**

D. The various sources of ESI within a party's control that should be searched for ESI, and whether either party has relevant ESI that it contends is not reasonably accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information.

---

[2] See Generally: *Rules Advisory Committee Notes* to the 2006 Amendments to Rule 26(f) and Rule 16.

**If discovery of ESI becomes necessary, the parties will identify the various sources of ESI within its control and whether any relevant ESI is, or is not, reasonably accessible.**

E. The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems.

**If discovery of ESI becomes necessary, the parties will identify the characteristics of the party's information systems that may contain relevant ESI.**

F. Any issues relating to preservation of discoverable ESI.

**None at this time.**

G. Assertions of privilege or of protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures and, only in the unusual event an agreement between the parties is insufficient, an Order under Federal Rules of Evidence Rule 502, If the parties agree that a protective order is needed, they shall attach a copy of the proposed order to the Case Management Report, together with a statement as to why an enforceable agreement between the parties is not sufficient. The parties should attempt to agree on protocols that minimize the risk of waiver. Any proposed protective order shall comply with Local Rule 1.09 and Section IV.F. below on Confidentiality Agreements.

H. Whether the discovery of ESI should be conducted in phases, limited, or focused upon particular issues.

**No.**

Please state if there are any areas of disagreement on these issues and, if so, summarize the parties' positions on each:

The parties do not agree on the nature and extent of discovery, but will attempt to resolve any differences prior to seeking court involvement.

If there are disputed issues specified above, or elsewhere in this report, then (check one):

___ one or more of the parties requests that a preliminary pre-trial conference under Rule 16 be scheduled to discuss these issues and explore possible resolutions. Although this will be a non-evidentiary hearing, if technical ESI issues are to be addressed, the parties are encouraged to have their information technology experts with them at the hearing.

If a preliminary pre-trial conference is requested, a motion shall also be filed pursuant to Rule 16(a), Fed.R.Civ.P.

X___ all parties agree that a hearing is not needed at this time because they expect to be able to promptly resolve these disputes without assistance of the Court.

**IV. Agreed Discovery Plan for Plaintiffs and Defendants**

**A. Certificate of Interested Persons and Corporate Disclosure Statement** This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form. No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement. A motion, memorandum, response, or other paper, including emergency motion, is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement. Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

___X___ Yes

_______ No

Amended Certificate will be filed by ___________ (party) on or before __________ date).

**B. Discovery Not Filed**

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03. The Court encourages the exchange of discovery requests on diskette. *See* Local Rule 3.03 (f). The parties further agree as follows:

> The parties agree that, pursuant to Rule 5(b)(2)(C) of the Federal Rules of Civil Procedure, any pleadings or other papers, including discovery requests, shall be served by sending such documents by United States Postal Service unless the parties agree to other methods of service. If an error or delayed delivery message is received by the sending party, then the sending party shall promptly (within three (3) business days of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

**C. Limits on Discovery**

Absent leave of Court, the parties may take no more than ten depositions per side (not per party). Fed.R.Civ.P. 30(a)(2)(A); Fed.R.Civ.P. 31(a)(2)(A); Local Rule 3.02(b). Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts. Fed.R.Civ.P. 33(a); Local Rule 3.03(a). Absent leave of Court or stipulation of the parties each deposition is limited to one day of seven hours. Fed.R.Civ.P. 30(d)(2). The parties may agree by stipulation on other limits on discovery. The Court will consider the parties agreed dates, deadlines, and other limits in entering the scheduling order. Fed.R.Civ.P. 29. In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

1. Depositions

   **The parties agree to the limitations imposed by the Federal Rules of Civil Procedure.**

2. Interrogatories

   **The parties agree to the limitations imposed by the Federal Rules of Civil Procedure.**

3. Document Requests

   **The parties agree to serve no more than forty (40) Requests for Production total.**

4. Requests to Admit

**The parties agree to serve no more than forty (40) Requests for Admission total.**

5. Supplementation of Discovery

**The parties agree to the limitations imposed by the Federal Rules of Civil Procedure.**

**D. Discovery Deadline**

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline. In addition, the parties agree as follows:

**None.**

**E. Disclosure of Expert Testimony**

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed.R.Civ.P. 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness. The parties agree on the following additional matters pertaining to the disclosure of expert testimony**:**

**None.**

**F. Confidentiality Agreements**

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and disfavors motions to file under seal. The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized

need. *See Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985). A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support. The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as "CONFIDENTIAL." There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. *See* Local Rule 4.15. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that Ano party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need.@ With respect to confidentiality agreements, the parties agree as follows:

**The parties agree to attempt to resolve all issues of privilege and confidentiality by signing a confidentiality agreement or party stipulation.**

**G. Other Matters Regarding Discovery**

None at this time.

**VI. Settlement and Alternative Dispute Resolution.**

**A. Settlement -**

The parties agree that settlement is __**x**__ likely ______ unlikely

(check one)

The parties request a settlement conference before a United States Magistrate Judge. ____ yes __x__ no __No__ likely to request in future

**B. Arbitration**

The Local Rules no longer designate cases for automatic arbitration, but the parties may elect arbitration in any case. Do the parties agree to arbitrate?

____ yes ___x___ no ___**No**___ likely to agree in future

________ Binding ________ Non-Binding

**C. Mediation**

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation. The list of Court approved mediators is available from the Clerk, and is posted on the Court's web site at http://www.flmd.uscourts.gov

**D. Other Alternative Dispute Resolution**

The parties intend to pursue the following other methods of alternative dispute resolution:

**None.**

Date: October 30, 2020

**Plaintiff *Pro Se***

*/s/ Tim Foote* (with permission)

Tim Foote
3208-C East Colonial Drive
Unit 159
Orlando, Florida 32803
Telephone: (407) 633-9297
E-Mail: withoutrecourse@protonmail.com

**Defendant Trans Union LLC**

*/s/ Charlotte Long*

Charlotte Long
QUILLING, SELANDER, LOWNDS
WINSLETT & MOSER, P.C.
6900 N. Dallas Parkway, Suite 800
Plano, Texas 75024
Telephone: (214) 560-5461
Facsimile: (214) 871-2111
E-Mail: clong@qslwm.com

**B. Arbitration**

The Local Rules no longer designate cases for automatic arbitration, but the parties may elect arbitration in any case. Do the parties agree to arbitrate?

____ yes  __x__ no  __**No**__ likely to agree in future

_______ Binding  ________ Non-Binding

**C. Mediation**

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation. The list of Court approved mediators is available from the Clerk, and is posted on the Court's web site at http://www.flmd.uscourts.gov

**D. Other Alternative Dispute Resolution**

The parties intend to pursue the following other methods of alternative dispute resolution:

**None.**

Date: October 30, 2020

**Plaintiff *Pro Se***

/s/ By: Tim Foote, pro se.

Tim Foote
3208-C East Colonial Drive
Unit 159
Orlando, Florida 32803
Telephone: (407) 633-9297
E-Mail: withoutrecourse@protonmail.com

**Defendant Trans Union LLC**

*/s/ Charlotte Long*

Charlotte Long
QUILLING, SELANDER, LOWNDS
WINSLETT & MOSER, P.C.
6900 N. Dallas Parkway, Suite 800
Plano, Texas 75024
Telephone: (214) 560-5461
Facsimile: (214) 871-2111
E-Mail: clong@qslwm.com